**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **RETREAT LLC d/b/a REGAL VISTA,** | : | |
| Plaintiff, | : | **CIVIL ACTION FILE NO.** |
| | : | **1:18-cv-02319-AT-AJB** |
| v. | : | |
| | : | |
| **SHAMEAKA CHISOLM,** | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT & RECOMMENDATION**

This matter has been submitted to the undersigned upon Defendant Shameaka Chisolm's application to proceed *in forma pauperis* ("IFP") and notice of removal. [Doc. 1]. For the following reasons, the Court **GRANTS** Defendant's IFP request but **RECOMMENDS** that this matter be **REMANDED** to the Magistrate Court of DeKalb County due to lack of subject matter jurisdiction.

*I.    Introduction*

Plaintiff Retreat LLC *d/b/a* Regal Vista filed a dispossessory action against Defendant on April 18, 2018, in the Magistrate Court of DeKalb County, seeking possession of the premises at 3578 Pleasantbrook Village Lane, Apartment E,

AO 72A
(Rev.8/82)

Doraville, Georgia 30340, and back rent. [Doc. 1-1 at 4].[1] Defendant removed the action to this Court on May 21, 2018, contending that Plaintiff violated the Fair Debt Collection Practice Act ("FDCPA") and 42 U.S.C. § 3631. [*Id.* at 1-2].

## II. IFP Application

Defendant's IFP application lists monthly income of $250 in child support and indicates that Defendant is unemployed, that she has no savings or assets, and six dependent children. [Doc. 1 at 1-3]. Defendant lists monthly expenses of $1200 in rent, $275 in utilities, $250 in clothing, $300 in transportation, and $80 in laundry and dry-cleaning, totaling $2213. [*Id.* at 4-5].

Pursuant to 28 U.S.C. § 1915(a), the Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[2] possesses that the person is unable to pay such fees or give security therefor." *Id.* § 1915(a). This section is intended to provide

---

[1] The Magistrate Court of DeKalb County assigned the case No. 18D43294. [Doc. 1-1 at 4].

[2] Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

2
AO 72A
(Rev.8/82)

indigent litigants with meaningful access to courts. *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (Section 1915 is designed to ensure "that indigent persons will have equal access to the judicial system.").

Thus, § 1915 authorizes suits without the prepayment of fees and costs for indigent litigants. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). It bears emphasizing that § 1915 creates no absolute right to proceed in civil actions without payment of costs. Instead, the statute conveys only a privilege to proceed to those litigants unable to pay costs without undue hardship. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).[3] Moreover, while the privilege of proceeding *in forma pauperis* does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis*." *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 35 (S.D. Fla. 1984); *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968). The affidavit required by the statute must show an inability to

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

prepay fees and costs without foregoing the basic necessities of life. *Adkins*, 335 U.S. at 339; *Zuan v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

Assuming the facts asserted in the IFP are true, Defendant's monthly expenses exceed her monthly income. [Doc. 1 at 1-4]. Accordingly, her IFP application, [Doc. 1], is **GRANTED for purposes of this action only**.

### III.   Frivolity Determination

As Defendant is entitled to proceed IFP, the Court must conduct a frivolity review. Under 28 U.S.C. § 1915(e)(2)(B), a "district court must dismiss an *in forma pauperis* complaint at any time if it determines that the action 'is frivolous or malicious.'" *Jackson v. Farmers Ins. Group/Fire Ins. Exchange*, 391 Fed. Appx. 854, 856 (11th Cir. Aug. 12, 2010) (quoting § 1915(e)(2)(B)(i)); *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, *1 (M.D. Ala. Aug. 10, 2007) (observing that court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune"); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)); *see also Neitzke*, 490 U.S. at 325 (holding that a complaint "is

frivolous where it lacks an arguable basis either in law or in fact"). "A case is frivolous if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless' legal theory. *Jackson*, 391 Fed. Appx. at 856 (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)) (quotation marks omitted in original). Additionally, § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Bilal*, 251 F.3d at 1349 (quoting *Neitzke*, 490 U.S. at 327).

A complaint is deemed "frivolous" under § 1915 where there is no subject matter jurisdiction. *Davis v. Ryan Oaks Apartment*, 357 Fed. Appx. 237, 238-39 (11th Cir. Dec. 17, 2009); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)); *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous under § 1915 where subject matter jurisdiction is lacking).

Independent of the Court's duty under § 1915(e) to evaluate the claim of a party proceeding IFP, the Court also has an obligation to insure that subject matter

5

jurisdiction exists. " 'Subject matter jurisdiction . . . refers to a tribunal's power to hear a case.' " *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 (11th Cir. 2013) (quoting *Morrison v. Nat'l Australia Bank, Ltd.*, 561 U.S. 247, 254 (2010)). "As the Federal Rules of Civil Procedure state, 'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.' " *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013) (quoting Fed. R. Civ. P. 12(h)(3)); *accord Gonzalez v. Thaler*, 586 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); *id.* ("Subject-matter jurisdiction can never be waived or forfeited."); *see also Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.") (quotation marks omitted).

The Court must liberally construe pro se pleadings, holding them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation omitted). However, the leniency afforded pro se litigants does not give the courts license to serve as *de facto* counsel or permit them to rewrite an otherwise deficient pleading in order to sustain an action. *Hudson v. Middle Flint*

6

*Behavioral Healthcare*, 522 Fed. Appx. 594, 596 (11th Cir. June 20, 2013) (citing *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Moreover, "[l]iberal construction has its limits . . . and this court may not rewrite an otherwise deficient [pleading] in order to create jurisdiction." *In re Davis*, 237 B.R. 177, 181 (M.D. Ala. 1999) (citing *GJR Inv., Inc.*, 132 F.3d at 1369; *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993)).

A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Thus, a district court lacks subject-matter jurisdiction over a removal action when it does not have "original jurisdiction over the *plaintiff*'s claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (emphasis added). Said another way, removal is proper if the *plaintiff*'s case originally could have been filed in federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). While a defendant is entitled to remove to the appropriate federal district court any civil action over which district courts have original jurisdiction, *see* 28 U.S.C. §§ 1331 and 1441(a), a plaintiff "is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (citation omitted).

7

AO 72A
(Rev.8/82)

Original jurisdiction under § 1441 arises if there is diversity of citizenship or the complaint presents a federal question. *See* 28 U.S.C. § 1441(b); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). "The district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Further, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

Defendant's petition for removal alleges that the state dispossessory action violates the FDCPA and 42 U.S.C. § 3631, federal statutes. [Doc. 1-1 at 1]. The Court

8

also notes that, on the Civil Cover Sheet,[4] Defendant indicated that Plaintiff is a citizen of Georgia, but did not indicate her own citizenship. [Doc. 1-2 at 1]. Therefore, the Court will only discuss if federal-question jurisdiction supports removal.[5]

A federal question exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal-question jurisdiction may

---

[4] The Civil Cover Sheet is not the complaint, and allegations on the Civil Cover Sheet are not part of the complaint. *See Shaver v. Astrue*, 783 F. Supp. 2d 1072, 1078 (N.D. Iowa 2011) ("A civil cover sheet 'is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers.' ") (quoting *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) (per curiam)); *Crowe v. Lynch*, No. 08 cv 2171 JM (JMA), 2009 WL 250913, at *1 n. 3 (S.D. Cal. Jan. 30, 2009) ("The court notes the Civil Cover Sheet does not form part of the Complaint. All Rule 8 requirements must be met through the Complaint itself."); Fed. R. Civ. P. 7 (defining pleadings to include, *inter alia*, complaint but not civil cover sheet). Ordinarily the Court ignores this entry on the Civil Cover Sheet. *Davis v. Signius Inv. Corp./Answernet*, No. 1:12-CV-04143-TWT-AJB, 2013 WL 1339758, at *3 (N.D. Ga. Feb. 26, 2013) (R&R), *adopted*, No. 1:12-CV-4143-TWT, 2013 WL 1339751 (N.D. Ga. Mar. 29, 2013). However, for purposes of affording the District Judge an opportunity to conduct a complete review for purposes of frivolity, the Court notes the entries on the Civil Cover Sheet.

[5] Even if she had stated her citizenship, which appears to be Georgia, diversity-of-citizenship would not lie because (1) the parties are not diverse, (2) the amount in controversy does not exceed $75,000, and (3) "the forum defendant rule" prevents Defendant from removing this case because she appears to be a Georgia citizen. *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1328 (11th Cir. 2010) (explaining that, under 28 U.S.C. § 1441(b), an action "cannot be removed on the basis of diversity jurisdiction if a defendant is a citizen of the State in which such action is brought" (quotation marks omitted)).

9

be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."); *Vaden v. Discover Bank*, 556 U.S. 49, 56 (2009) (federal jurisdiction cannot be predicated on an actual or anticipated defense or counterclaim); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998); *Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even

if that defense is valid."). The removing defendant bears the burden of proving that a federal question exists. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

This is an action for possession of the premises and past due rent, which are decidedly state-law claims. *See Nguyen v. Cade*, No. 1:16-CV-01076-TWT-AJB, 2016 WL 3023884, at *3 (N.D. Ga. Apr. 7, 2016) (R&R), *adopted at* 2016 WL 2998003 (N.D. Ga. May 25, 2016); *see also CF Lane, LLC v. Bynum*, No. 1:14-cv-2167-WSD, 2014 WL 3397627, at *2 (N.D. Ga. July 11, 2014) ("Plaintiff's Complaint is a dispossessory warrant which is based solely on state law."); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) ("[T]he dispossessory claim that forms the basis of this action is exclusively a matter of state law.") (Batten, J.). Thus, removal on the basis of federal-question jurisdiction is not available.

To the extent that Defendant is trying to assert as a defense that Plaintiff violated the FDCPA or § 3631, as noted above, a federal question presented as a defense is not a proper basis for removal of a state-court complaint to federal court. *Pretka v. Kolter City Plaza II. Inc.*, 608 F.3d 744, 766 n.20 (11th Cir. 2010); *Kemp*, 109 F.3d at 712 ("Because a federal question must appear on the face of the plaintiff's complaint to

11

satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid."); *Bank of N.Y. Mellon v. Beccan*, Civil Action No. 1:12-CV-01392-RWS, 2013 WL 3990753, at *3 (N.D. Ga. Aug. 1, 2013) (remanding state dispossessory action which defendant sought to remove pursuant to § 3631, where plaintiff's complaint did not establish any factual basis for a claim under that statute).[6] Since any potential federal law issues are related only to Defendant's alleged defenses, no federal law is an essential element of Plaintiff's state law claim. As a result, there is no federal-question subject-matter jurisdiction supporting the removal.

## IV.   *Conclusion*

For the reasons stated above, the undersigned **GRANTS** Defendant's application to proceed IFP, [Doc. 1], for purposes of this action only, and **RECOMMENDS** that the action be **REMANDED** to the Magistrate Court of DeKalb County.

---

[6] The Court also notes that 42 U.S.C. § 3631 is a criminal statute, and does not afford Defendant a private right of action. *McZeal v. Ocwen Fin. Corp.*, 252 F.3d 1355, 2001 WL 422375, at *2 (5th Cir. Mar. 11, 2001) (per curiam) (unpublished) (finding that the plaintiff "cannot state a claim under § 3631; it is a criminal statute under which there is no private cause of action"); *Kachur v. Bank of Am. Corp.*, No. 3:09-CV-1106-J-32MCR, 2010 WL 3632703, at *1 (M.D. Fla. Sept. 14, 2010) (same).

AO 72A (Rev.8/82)

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS ORDERED, RECOMMENDED, and DIRECTED**, this the 23rd day of May, 2018.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE